UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PATRICK WALLACE | CIVIL ACTION NO. 08-1674-P |
| VERSUS | JUDGE HICKS |
| STEVE RISNER, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Patrick Wallace ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 6, 2008. Plaintiff is incarcerated at the Bayou Dorcheat Detention Center in Minden, Louisiana, and he complains his civil rights were violated by prison officials. He names Warden Steve Risner, Classification Officer Katie Douglas, Sheriff Gary Sexton and the Webster Parish Sheriff Department as defendants.

Plaintiff claims he was transferred to the Bayou Dorcheat Correctional Center in July 2008. He claims this facility has no law library. He claims he is unable to prepare a defense or other legal documents. He claims prison officials refuse to give him library request forms.

Plaintiff claims that he was working on cases regarding a 1995 conviction for simple burglary and a 1998 conviction for simple burglary when he was denied access to a law library. He claims that because he was denied access to a law library, it took the Louisiana First Judicial District Court one year to correct his sentences in both cases.

As relief, Plaintiff seeks a transfer to another facility.

For the following reasons, Plaintiff's civil rights complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Under Olim and Meachum, this Court has no authority to order the State to transfer Plaintiff to another prison. Accordingly, Plaintiff's request for a transfer to another facility should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of December, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE